USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/29/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT L. MCCRAY, | |
| Petitioner, | 20-CV-4127 (KPF)(KHP) |
| -against- | **ORDER DENYING REQUEST FOR PRO BONO COUNSEL** |
| MARK ROYCE, | |
| Respondent. | |

**KATHARINE H. PARKER, United States Magistrate Judge.**

Petitioner Robert L. McCray has filed an Application for the Court to Request Counsel. For the following reasons, Petitioner's application is denied without prejudice.

## LEGAL STANDARD

Unlike defendants in criminal proceedings, litigants in habeas corpus proceedings have no right to counsel. *See Anderson v. Bradt*, No. 13–CV–4502 (JS), 2013 WL 5208045, at *1 (E.D.N.Y. Sept. 13, 2013) (quoting *Green v. Abrams*, 984 F.2d 41, 47 (2d Cir. 1993)). However, 18 U.S.C. § 3006A(a)(2)(B) grants courts the ability to appoint pro bono counsel to indigent litigants when "the interests of justice so require." *See id*.; *see also Martinson v. U.S. Parole Comm'n*, No. 02CIV.4913 (DLC)(DF), 2004 WL 203005, at *2 (S.D.N.Y. Feb. 2, 2004). Additionally, under the governing *in forma pauperis* ("IFP") statute, courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see also Fulton v. Superintendent*, No. 20 Civ. 00021 (GBD) (SLC), 2020 WL 3250594, at *1 (S.D.N.Y. June 16, 2020) (applying § 1915(e)(1) to request of appointment of counsel in habeas proceeding); *Anderson*, 2013 WL 5208045, at *1 (same). Under the statute, courts have "broad discretion"

when deciding whether to grant an indigent litigant's request for pro bono representation. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986).

Even where the court believes that a litigant should have a free lawyer, under the IFP statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent the litigant. *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–10 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore grant applications for pro bono counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172–73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider when deciding whether to grant an indigent litigant's request for pro bono counsel. 802 F.2d at 61–62. Of course, the litigant must first demonstrate that he or she is indigent by, for example, successfully applying for leave to proceed with IFP status. The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.*; *see also Anderson*, 2013 WL 5208045, at *1 ("the threshold inquiry is whether there is substance to the litigant's position" (citing *Carmona v. U.S. Bureau of Prisons,* 243 F.3d 629, 632 (2d Cir. 2001)).

If these threshold requirements are met, the court must next consider such factors as:

> [T]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in

2

>that case why appointment of counsel would be more likely
>to lead to a just determination.

*Hodge*, 802 F.2d at 61–62; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel); *Fulton*, 2020 WL 3250594, at *4–5 (applying *Hodge* factors in habeas proceeding); *Martinson*, 2004 WL 203005, at *2 (same).  In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392–93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## DISCUSSION

Petitioner filed an initial Request to Proceed with IFP status on May 28, 2020 (Dkt. No. 1), which was granted. (Dkt. No. 3.)  In his initial IFP application, Petitioner represented that he is incarcerated, is not employed, has no assets or property, receives $792 every two weeks from the "state," and occasionally receives money from his family.  (Dkt. No. 1.)  In his instant application, filed on July 14, 2020, Petitioner represents that his only income is money he occasionally receives from family members in the amount of $10 or $20.  (Dkt. No. 8.)  As such, Petitioner has sufficiently demonstrated that he is indigent and, thus, meets the income eligibility requirements to be appointed pro bono counsel.

The Court next turns to the Petition for Writ of Habeas Corpus (the "Habeas Petition") and Petitioner's reasons for seeking the appointment of counsel in this case.  In 2014, Petitioner was convicted of arson in the second degree and three counts of criminal contempt in Bronx County Supreme Court.  (Dkt. No. 2, 1.)  Now, in his Habeas Petition filed on May 28, 2020, Petitioner contends that he received ineffective assistance of counsel, in violation of the Sixth

3

Amendment to the U.S. Constitution, and that he was denied the right to a fair trial, in violation of his due process rights under the Fifth and Fourteenth Amendments to the U.S. Constitution. (*Id*. at 9.) Petitioner also appears to have asked this Court to hold his Petition in abeyance to allow the New York Appellate Division, First Department, to rule on a Coram Nobis Petition filed in or about August 2019 that remains pending. (*Id*. at 6, 8-9.) Respondent was served with the Habeas Petition by mail on June 29, 2020, and has yet to appear in this action and oppose the Petition.

Given that this case is still in the early stages of litigation, and Respondent has not yet opposed the Petition and provided the Court with the underlying court records relevant to Petitioner's claims, the Court cannot ascertain whether Petitioner's claims are "likely to be of substance." *Hodge*, 802 F.2d 61–62; *see also Carmona*, 243 F.3d at 632. As such, Petitioner's request for the appointment of counsel is denied as premature.

Even if the Court were to find that Petitioner's claims have merit, the other *Hodge* factors weigh against granting Petitioner's application because Petitioner has not articulated the reasons why appointment of counsel is warranted in this case. (Dkt. No. 8, 3.) In addition to providing his financial information, Petitioner's application only contains the following explanation:

> I am writing to your attention in the hope I will be taken into consideration as to my request for application for assigned counsel to be appointed to me as a poor person to proceed with my habeas corpus.
>
> Please understand at the time when I made out my application to file for a habeas corpus, there were no available forms to request for assigned counsel. I have now submitted the proper application to have assigned counsel appointed to me.

4

(*Id.*) Because Petitioner has not explained why he seeks the appointment of counsel in this case, he has failed to articulate any bases that would justify the appointment of counsel at this time. *See Hodge*, 802 F.2d at 61–62; *see also Martinson*, 2004 WL 203005, at *4–5 (denying request for appointment of pro bono counsel where petitioner in habeas proceeding failed to articulate reasons showing that the appointment of counsel was required to meet the interests of justice).

### CONCLUSION

For the foregoing reasons, Petitioner's Application for the Court to Request Counsel is denied, without prejudice. Should Petitioner wish to make another application, he is directed to wait until after Respondent files opposition to the Habeas Petition. **The Clerk of Court is respectfully directed to mail a copy of this Order to the Pro Se Petitioner and to Respondent.**

SO ORDERED.

Dated:  July 29, 2020
        New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge

5