**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
ROBERT L. MCCRAY,

                                  Petitioner,           20-cv-04127 (KPF) (KHP)

          -against-                              **ORDER**

MARK ROYCE,

                                  Respondent.
-----------------------------------------------------------------X

**KATHARINE H. PARKER, United States Magistrate Judge:**

      In this action for a Writ of Habeas Corpus, Petitioner has requested a stay pending resolution of his petition *coram nobis* currently before the New York Court of Appeals. Respondent has made a similar request: that this Court stay proceedings in this action to allow time for Petitioner to exhaust his claims still pending in state court. (ECF No. 20.) This Court finds that the parties' requests are sensible and that the stay should be GRANTED consistent with the Order below.

      As the Supreme Court has stated, "federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act." *Rose v. Lundy*, 455 U.S. 509, 515 (1982) (citing *Ex parte Royall*, 117 U.S. 241, 251 (1886)); *see also Rhines v. Weber*, 544 U.S. 269, 275-76 (2005) ("a district court might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. Once the petitioner exhausts his state remedies, the district court will lift the stay and allow petitioner to proceed in federal court"). Indeed, staying exhausted claims while separate unexhausted claims are still pending is a "traditional" way federal courts in this Circuit properly

defer to state courts, who are tasked with ruling on a petitioner's claims in the first instance. *Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2001). However, a stay must be appropriately conditioned by providing the petitioner with reasonable intervals of time to present his/her claims to the state courts and then to return to federal court after exhaustion. *Id.* at 381.

Second Circuit precedent dictates that when a district court elects to stay a petition it should explicitly condition the stay on the petitioner's pursuit of state court remedies within a short interval and a subsequent return to federal court no later than 30 days after the underlying claim is exhausted. *Id.* Indeed, the Supreme Court endorsed this approach in *Rhines*, 544 U.S. at 278, provided that the petitioner's claims are not "plainly meritless" and that the petitioner has not engaged in abusive litigation tactics or intentional delay.

It bears noting that the motion for a stay in this case is supported by both parties (it is essentially a joint application). Moreover, Petitioner has not engaged in intentionally dilatory litigation tactics. Nor are his claims "plainly meritless" on the current record. Accordingly, this Court will stay the petition in accordance with the following timeline:

(1) Given that Petitioner has already initiated the necessary exhaustion procedures, Respondent is directed to file a status letter on ECF every 60 days, **starting with January 4, 2021**, updating this Court as to the status of Petitioner's appeal discussed above.

(2) Respondent will then have 45 days from the date Petitioner's *coram nobis* claim is fully exhausted to file its response to the Petition on ECF.

(3) Petitioner will then have 60 days to file his Reply.

**The Court respectfully requests that the Clerk of Court mail a copy of this Order to the pro se Petitioner.**

SO ORDERED.

DATED: New York, New York
November 5, 2020

_____
KATHARINE H. PARKER
United States Magistrate Judge